IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01561-RMR-KAS

CARA MULSON,

    Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Amended Motion for Entry of Default and for Default Judgment** [#22] (the "Amended Motion"). The Amended Motion [#22] has been referred to the undersigned for Recommendation. *See Order Referring Motion* [#23]. Defendant USAA Casualty Insurance Company did not file a response to the Amended Motion [#22]. The Court has reviewed the Amended Motion [#22], the pleadings and filings in this case, and the applicable law. For the following reasons, the Court **RECOMMENDS** that the Amended Motion [#22] be **GRANTED in part** and **DENIED without prejudice in part**.

### I. Background

The facts of this case have been thoroughly articulated in the Court's prior Recommendation [#21] but will be briefly reiterated here for context. Plaintiff acquired a homeowner's insurance policy from Defendant to insure her home in Parker, Colorado, from May 26, 2022, to May 26, 2023 (the "Policy"). *Compl.* [#1] at 2, ¶¶ 5-6, 8. In April

2023, Plaintiff's home sustained damage due to water loss and she filed a claim under the Policy (the "Claim"). *Id*. ¶¶ 9-10. Defendant provided Plaintiff "with an estimate of replacement cost value of $159,890, actual cash value of $135,890, and if depreciation is recovered, a net claim of $134,470.14 for the damages." *Id*. ¶ 11. Defendant accepted coverage and made partial payments based on this estimate. *Id*. ¶ 12. Plaintiff notified Defendant that its estimate failed to adequately qualify certain costs. *Id*. ¶ 13. Thereafter, Plaintiff retained an appraiser who determined the replacement cost value is $208,912.24 and the actual cash value is $194,571.94, which exceeded Defendant's estimate. *Id*. at 2 ¶ 11 (alleging USAA replacement cost value estimate of $159,890.14; actual cash value estimate of $135,890; and a net claim of $134,470.14); *id*. at 3, ¶¶ 16-17; *see also Mulson Aff.* [#22-4] ¶¶ 3-4; *Appraisal Award* [#22-5]. Plaintiff notified Defendant of the appraiser's estimate, and Defendant stood by its original estimate. *Compl.* [#1] at 3 ¶ 19.

In June 2024, Plaintiff filed a Complaint [#1] against Defendant for breach of contract and violation of Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116. *Id.* at 4-5. In December 2024, Plaintiff filed a Motion for Entry of Default [#10] based on Defendant's failure to answer or otherwise respond. *Motion for Entry of Default* [#10]. The next day, the Clerk entered default against Defendant. *See Clerk's Entry of Default* [#11]. Plaintiff subsequently filed a Motion for Entry of Default Judgment [#17] (the "Original Motion"). In August 2025, the Court issued a Recommendation [#21] on the Original Motion [#17], recommending it be dismissed without prejudice. At that time, the Court noted that Plaintiff's claimed damages were not ascertainable because of "the lack of actual proof in the record" as to whether all Plaintiff's claimed damages are "recoverable under the Policy." *Recommendation* [#21] at 13-14.

2

In response to the Court's Recommendation [#21], Plaintiff filed the instant Amended Motion [#22], which precipitated the Court's withdrawal of its Recommendation, *see Order* [#24]. The Amended Motion [#22] attaches a copy of the Policy [#22-3] and alleges that Plaintiff is entitled to breach of contract damages in the form of personal property replacement costs and costs for electrical code upgrades. *See Am. Motion* [#22] at 7-8. She also asserts entitlement to double the appraisal award of $208,912.24, for delayed payment, and double the breach of contract damages for denied payment under Colo. Rev. Stat. §§ 10-3-1115 and 1116(1). *Id.* at 9. Finally, Plaintiff seeks reasonable attorney fees and costs. *Id.* at 9-12.

## II.  Applicable Law

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). After the clerk enters default, Federal Rule of Civil Procedure 55(b)(2) permits a party to apply to the court for entry of default judgment against the party who has failed to plead or otherwise defend a lawsuit filed against it. A trial court has discretion to enter default judgment; a party is not entitled to it as of right. *Purzel Video GmbH v. Martinez*, 13 F. Supp. 3d 1140, 1148-49 (D. Colo. 2014).

"[A] party in default does not admit mere conclusions of law." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (citation omitted). The plaintiff still must plead sufficient factual allegations to establish the defendant's liability, and "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (vacating district court's entry of default

3

judgment because the pleadings were insufficient to support the judgment), *quoted in Bixler*, 596 F.3d at 762); *see also Topp v. Lone Tree Athletic Club, Inc.*, No. 13-cv-01645-WYD-KLM, 2014 WL 3509201, at *5-10 (D. Colo. July 15, 2014) (adopting recommendation to deny motion for default judgment where the plaintiff failed to "provide the necessary factual details to support" his Fair Labor Standards Act claim). The court may not enter default judgment where a complaint fails to satisfy the elements of the asserted claims or otherwise fails to state a cognizable claim, whether through well-pleaded allegations or supporting documents. *Day v. Career Bldg. Acad.*, No. 18-cv-00837-RM-KMT, 2021 WL 1723777, at *2 (D. Colo. Mar. 18, 2021).

In deciding whether a legitimate basis exists for entry of judgment against a defendant, as the defaulting party, the court must find that: (1) it has subject matter jurisdiction over the plaintiff's claims; (2) it can assert personal jurisdiction over the defendant; (3) the clerk properly entered default; (4) the plaintiff states a valid claim for relief; and (5) damages are ascertainable. *Postnet Int'l Franchise Corp. v. Jones*, No. 12-cv-03065-WYD, 2013 WL 5449855, at *1 (D. Colo. Sept. 30, 2013).

### III. Analysis

**A.    The First Four Elements for Entry of Default Are Met**

The Court previously found that it had subject matter jurisdiction and personal jurisdiction over this action. *See Recommendation* [#21] at 5-10. In addition, the Court determined the Clerk properly entered default. *Id.* at 10. Finally, the Court found that Plaintiff's well-pleaded allegations sufficiently established liability with respect to her breach of contract claim and statutory claim. *Id.* at 10-12. The facts underlying the Court's prior analyses have not changed since the issuance of its withdrawn Recommendation

4

[#21]. Therefore, the Court finds that four of the five prerequisites to default judgment have been satisfied.

B.     **Whether Plaintiff's Damages Are Ascertainable**

Plaintiff's damages are the only remaining issue before the Court. The Court previously took issue with Plaintiff's claimed damages because she did not allege facts to show that the Policy entitles her to reimbursement for personal property damage or electrical code upgrades. *Id.* at 13.[1] As the Court noted, "[d]efault judgment cannot be entered against a party until the amount of damages has been ascertained." *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984); *see also Millman v. State Farm Fire & Cas. Co.*, No. 21-cv-00036-CMA-NYW, 2021 WL 3206308, at *3 (D. Colo. July 29, 2021). This requirement exists to prevent a plaintiff "from receiving more in damages than is supported by actual proof." *Millman*, 2021 WL 3206308, at *3.

Under Federal Rule of Civil Procedure 55(b), the court may conduct a hearing to calculate the damages based on actual proof. *Myers v. Am. Mod. Prop. & Cas. Ins. Co.*, No. 22-cv-3222-WJM-MDB, 2024 WL 3963525, at *5 (D. Colo. July 30, 2024). However, "the [c]ourt may enter default judgment without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.* (internal quotation marks and citation omitted); *see also Millman*, 2021 WL 3206308, at *3. In the instance no hearing is held, the court may refer to affidavits or other documentary evidence. *See Hartford Fire Ins. Co. v. TK Constr. US, LLC,* No. 15-cv-01962-CMA-CBS, 2017 WL 5990064, at *3 (D. Colo. Mar. 1, 2017).

---

[1] The Court previously pointed out that Plaintiff's Original Motion [#17] failed to comply with D.C.COLO.LCivR 55.1. *See Recommendation* [#21] at 14-15. The Court finds that the Amended Motion [#22] sufficiently complies with this District's Local Rules. *See Proposed Form of Judgment* [#22-8]; *Sell Aff.* [#22-2] at ¶ 2.

5

Plaintiff seeks damages in the amount of $453,898.76[2]. *Am. Motion* [#22] at 9. This award is based on Plaintiff's breach of contract claim and her statutory claim pursuant to Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116(1). *Id.* Regarding her statutory claim, Plaintiff asserts she is entitled to two times the entire appraisal award of $208,912.24, plus two times $18,013.14, the amount she claims was unreasonably delayed or denied for code upgrades and replacement of personal property. *Id.* Plaintiff also requests reasonable attorneys' fees and costs under Colo. Rev. Stat. § 10-3-1116(1) and post-judgment statutory interest under Colo. Rev. Stat. § 5-12-102. *Id*. at 9-13.

In support of her damages, Plaintiff submitted the Policy, an affidavit, a copy of the appraisal calculation, receipts for the personal property replacement and electrical code upgrades, an affidavit from her attorney, and attorney billing records. *See generally Policy* [#22-3]; *Sell Aff.* [#22-2]*; Mulson Aff.* [#22-4]*; Appraisal Award* [#22-5]; *Receipts and Invoices* [#22-6]; *Attorney Billing Records* [#22-7].* The Court has thoroughly reviewed the documentary evidence in support of Plaintiff's request for damages and concludes these damages are capable of mathematical calculation.

1. **Plaintiff's Damages**

Regarding her breach of contract claim, Plaintiff contends she is entitled to $8,854.00 for the costs associated with the electrical code upgrades, and $9,159.14 for costs associated with her damaged personal property. *See Am. Motion* [#22] at 7-8; *Ex. Receipts and Invoices* [#22-6]. In total, Plaintiff claims she is entitled to approximately

---

[2] The Court notes that this is an overcalculation by $48, which stems from incorrect doubling of the appraisal award. Two times the $208,912.24 appraisal award is $417,824.48, not $417,872.48, as Plaintiff represents in her Motion. *See Motion* [#22] at 9.

6

$18,013.14 with respect to her breach of contract claim. *Am. Motion* [#22] at 7; *Mulson Aff.* [#22-4] at 1.

Regarding the electrical code upgrades, Plaintiff alleges that Section 14 of the Policy provides coverage for upgrades of this kind. *Am. Motion* [#22] at 7-8. Specifically, the Policy provides:

> 14. Building Ordinance or Law. For loss caused by a loss under Section I – LOSSES WE COVER to buildings under Dwelling Protection and Other Structures Protection, we will pay the increased costs which are required and you actually incur to comply with any ordinance or law governing the rebuilding, repair or demolition of the damaged property.
>
> The limit for this coverage will not be more than 5% of the Coverage A – Dwelling Protection amount of insurance.
>
> This coverage is additional insurance and does not reduce the Dwelling Protection amount of insurance.

*Policy* [#22-3] at 18.

There are no identified exceptions to this coverage. *See generally Policy* [#22-3]. Plaintiff's claimed upgrades were apparently completed to comply with existing law, namely, the National Electrical Code requirements. *Receipt* [#22-6] at 1. Plaintiff asserts that the Policy provides a maximum of $63,550 in coverage, which is 5% of the Dwelling Protection coverage amount of $1,271,000.00. *Am. Motion* [#22] at 8; *see also Policy* [#22-3] at 3 (Section 1 – Coverages and Amounts of Insurance), 18 § 14 (Building Ordinance or Law)*.* The amount Plaintiff expended on the electrical code upgrades totaled $8,854.00, which falls well within the Policy limits. *Id*. Therefore, Plaintiff has sufficiently demonstrated entitlement to breach of contract damages in the amount of $8,854.00 incurred because of the upgrades.

7

Next, Plaintiff seeks to recover $9,159.14 in breach of contract damages attributable to her damaged personal property. *Am. Motion* [#22] at 8. The Policy provides coverage for personal property expenses in the event of water damage. Specifically, the Policy provides:

> COVERAGE C – PERSONAL PROPERTY PROTECTION
> We insure against "sudden and accidental", direct, physical loss to tangible property described in PROPERTY WE COVER – Coverage C caused by a peril listed below unless the loss is excluded in **LOSSES WE DO NOT COVER UNDER DWELLING PROTECTION AND PERSONAL PROPERTY PROTECTION.**

*Policy* [#22-3] at 20.

Plaintiff asserts the Policy provides coverage for personal property expenditures at a maximum of $635,500. *See Am. Motion* [#22] at 8; *see also Policy* [#22-3] at 3 (Section 1 – Coverages and Amounts of Insurance). Plaintiff provides receipts to support her request of $9,159.14. *See Receipts* [#22-2] at 2-9. Therefore, Plaintiff has adequately demonstrated that she is owed $9,159.14 under the Policy for personal property replacement. In conclusion, the Court finds that Plaintiff has sufficiently demonstrated Defendant's breach of the Policy entitles her to $18,013.14 in damages.

Plaintiff also seeks damages pursuant to Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116(1) related to Defendant's unreasonable delay in paying the appraisal award and unreasonable delay or denial of her $18,013.14 claim for personal property and code upgrade expenditures. *See Am. Motion* [#22] at 9. This statute provides that "[a] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." COLO. REV. STAT. § 10-3-1115(1)(a). An insurer's action is unreasonable if its delay or denial of payment was

8

without a reasonable basis. *See Turner v. State Farm Mut. Auto. Ins. Co.*, No. 13-cv-01843-MSK-BNB, 2015 WL 1297844, at *3 (D. Colo. Mar. 19, 2015) (citing COLO. REV. STAT. § 10-3-1115(2)). "If that is established, the plaintiff is entitled to receive a penalty payment [under Colo. Rev. Stat. § 10-3-1116] of two times the benefit (in addition to the benefit itself) plus reasonable attorney's fees and costs." *Wahlert v. Am. Standard Ins. Co. of Wis.*, 173 F. Supp. 3d 1187, 1193 (D. Colo. 2016). A "first party claimant" includes an individual "asserting an entitlement to benefits owed directly to or on behalf of an insured under an insurance policy." COLO. REV. STAT. § 10-3-1115(1)(b)(I).

Plaintiff qualifies as a first party claimant under Colo. Rev. Stat. § 10-3-1115(1)(b)(I) because she claims an entitlement to benefits owed under the Policy. In addition, Plaintiff attests that she received delayed payment of an appraisal award in the amount of $208,912.24. *See Appraisal Award* [#22-5]; *Mulson Aff.* [#22-4] ¶ 4. She has further demonstrated through her well-pleaded allegations that Defendant unreasonably delayed payment of the appraisal award, unreasonably delayed or denied payment of the personal property and code upgrade expenditures, and provided no reasonable basis for doing so. *See Compl.* [#1] at 3, ¶ 19 (noting that Defendant "did not state a reason" for refusing to further consider the appraisal award); *id.* at 4 ¶ 32 ("Defendant has unreasonably delayed and constructively denied payment of benefits"); *Am. Motion* [#22] at 9 (asserting that Defendant "unreasonably delayed payment of the appraisal award, but ultimately paid it"); *see also* COLO. REV. STAT. § 10-3-1115(2) ("[A]n insurer's delay or denial was unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action."). Therefore, Plaintiff has adequately demonstrated that she is entitled to double damages for the delayed or unpaid

9

policy benefits, *i.e.* appraisal award and personal property and code upgrade expenditures, under Colo. Rev. Stat. § 10-3-1116(1). *See Millman*, 2021 WL 3206308, at *4 (applying Colo. Rev. Stat. § 10-3-1116(1) and doubling plaintiff's breach of contract damages in action against insurance company).

Accordingly, the Court recommends that Plaintiff's damages for breach of contract and those associated with Defendant's violation of Colo. Rev. Stat. § 10-3-1115 be doubled pursuant to Colo. Rev. Stat. § 10-3-1116(1). In conclusion, Plaintiff's amount of damages are **$36,026.28**[3] with respect to the breach of contract claim, and **$417,824.48**[4] with respect to Defendant's violation of Colo. Rev. Stat. § 10-3-1115. This brings the total damages award to **$453,850.76.**

### 2.    Attorneys' Fees and Costs Pursuant to Colo. Rev. Stat. § 10-3-1116

Plaintiff also requests her reasonable costs and attorneys' fees pursuant to Colo. Rev. Stat. § 10-3-1116(1). In deciding the reasonableness of a fee request, the court conducts a lodestar calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This calculation consists of multiplying a reasonable hourly billing rate by the number of hours expended, both of which are reviewed by the court to ensure that proper billing judgment was exercised. *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1245 (D. Colo. 2015). The lodestar number may then be adjusted "upward or downward to account for the particularities" of the completed work. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997). "In determining what is a reasonable time in which to perform a given task, an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the

---

[3] $18,013.14 multiplied by two equals $36,026.28.
[4] $208,912.24 multiplied by two equals $417,824.48.

responses necessitated by the maneuvering of the other side; and (4) the potential duplication of services caused by the presence of multiple attorneys when one would suffice." *Reg'l Dist. Council*, 82 F. Supp. 3d. at 1246 (citation and quotation marks omitted).

Here, Plaintiff requests $42,605.25 in attorneys' fees and costs, reflecting $34,926.50 for 84.8 hours of work, and $7,678.75 in costs. *Am. Motion* [#22] at 10-12; *Attorney Billing Records* [#22-7] at 14, 16. The Court has reviewed the relevant billing entries and finds that counsel exercised proper billing judgment with respect to the fees. *See Attorney Billing Records* [#22-7]*; Sell Aff.* [#22-2]; *Am. Motion* [#22] at 10-12. Further, the Court finds that the hourly rates of the attorneys and support staff, ranging anywhere from $175 to $500, are appropriate for the nature of the work performed, reasonable in light of each staff members' qualifications and experience, and consistent with the going rates in the Denver metropolitan area. Finally, the Court finds that Plaintiff's request for attorneys' fees properly complies with D.C.COLO.LCivR 54.3. *Cf. Dish Network, LLC v. Cyberworks Software, Inc.*, No. 10-cv-00211-PAB, 2012 WL 2033696, at *2 (D. Colo. June 6, 2012) (denying request for attorneys' fees related to a motion for default judgment where attorney failed to comply with D.C.COLO.LCivR 54.3). Therefore, the Court recommends that Plaintiff be awarded **$34,926.50** for fees.

As for costs, however, the Court notes that Colo. Rev. Stat. § 10-3-1116(1) expressly limits costs to "court costs." Here, Plaintiff's requested costs are not limited to court costs; rather, they appear to include costs from vendors. *See Attorney Billing Records* [#22-7] at 16 (identifying costs associated with invoices from Construction Analytics Group, Ltd.). Plaintiff's cost itemization includes only *two* court costs, which are

11

for filing the Complaint and service of process. *See id*. (PACER-Complaint, CCCS, and Summons fee and invoice from ABC Legal). That filing fee was $405 and the process server fee was $75. *Id*. These court costs should be taxed in accordance with D.C.COLO.LCivR 54.1, which requires that a bill of costs be filed on a court-issued form no later than 14 days after entry of the judgment or final order. Therefore, the Court **recommends** that Plaintiff's request for a specific cost award in the Court's adjudication of Plaintiff's Motion [#22] be denied without prejudice. *See Rockhill Ins. Co. v. CFI-Global Fisheries Mgmt.*, 591 F. Supp. 3d 1020, 1027-28 (D. Colo. 2021) (in the context of a statutory bad faith claim, directing compliance with Local Rule 54.1 and declining to include cost award) (citing *Reich v. Am. Fam. Mut. Ins. Co.*, No. 14-cv-01482-KLM, 2016 WL 1258589, at *5 (D. Colo. Mar. 31, 2016) (similar approach); *Spokas v. Am. Fam. Mut. Ins. Co.*, No. 12-cv-00380-WYD-KLM, 2015 WL 3948098, at *5 (D. Colo. June 26, 2015) (similar approach)).

### 3. Post-Judgment Statutory Interest

Finally, Plaintiff seeks post-judgment statutory interest pursuant to Colo. Rev. Stat. § 5-12-102 at a rate of eight percent per annum, compounded annually. *See Am. Motion* [#22] at 13. This statute provides:

> (4) Except as provided in section 5-12-106, creditors shall be allowed to receive interest on any judgment recovered before any court authorized to enter the same within this state from the date of entering said judgment until satisfaction thereof is made either:
>
> (a) At the rate specified in a contract or instrument in writing which provides for payment of interest at a specified rate until the obligation is paid; except that if the contract or instrument provides for a variable rate, at the rate in effect under the contract or instrument on the date judgment enters; or

12

>   (b) In all other cases where no rate is specified, at the rate of eight percent per annum compounded annually.

COLO. REV. STAT. § 5-12-102(4)(a)-(b).

Here, the Policy does not specify an interest rate; therefore, Colo. Rev. Stat. § 5-12-102(4)(b) applies. Accordingly, the Court further recommends that Plaintiff be awarded post-judgment interest on the principal amount at a rate of eight percent per annum, compounded annually. *See* COLO. REV. STAT. § 5-12-102(4)(a)-(b); *see also Fairmount Fire Prot. Dist. v. Up In Smoke Custom Burning, Inc.*, No. 11-cv-03250-REB-KMT, 2012 WL 3839322, at *2 (D. Colo. Aug. 12, 2012).

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#22] be **GRANTED in part** and **DENIED without prejudice in part** and **DEFAULT JUDGMENT SHALL ENTER** in favor of Plaintiff Cara Mulson against Defendant USAA Casualty Insurance Company, on Plaintiff's claims for breach of contract and violation of Colo. Rev. Stat. § 10-3-1115.

IT IS FURTHER **RECOMMENDED** that Plaintiff be awarded a total judgment of **$506,790.40** consisting of:

- Breach of contract damages: **$18,013.14**;
- Double breach of contract damages under Colo. Rev. Stat. § 10-3-1116(1): **$36,026.28**;
- Double appraisal award of $208,912.24 under Colo. Rev. Stat. § 10-3-1116(1): **$417,824.48**; and
- Attorneys' fees: **$34,926.50**.

IT IS FURTHER **RECOMMENDED** that court costs be taxed in accordance with D.C.COLO.LCivR 54.1.

IT IS FURTHER **RECOMMENDED** that Plaintiff be awarded post-judgment interest at the rate of eight percent per annum, compounded annually, from the date judgment entered in this case until the full amount of the judgment has been paid to the Plaintiff by Defendant.

IT IS **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: December 9, 2025                                        BY THE COURT:

Kathryn A. Starnella

United States Magistrate Judge

Case No. 1:24-cv-01561-RMR-KAS   Document 26   filed 12/09/25   USDC Colorado   pg 15 of 15

15